O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TONY BURWELL, ) | Case No. CV 08-3560-CAS (MLG) |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | DISMISSING COMPLAINT FOR FAILURE |
| v. ) | TO PROSECUTE |
| ) | |
| J. MARRON, ) | |
| ) | |
| Defendant. ) | |

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Los Angeles County Jail in Castaic, Californa. He filed this *pro se* civil rights action on June 4, 2008. On June 10, 2008, the Court dismissed the complaint with leave to amend. On June 20, 2008, Plaintiff filed a first amended complaint naming Parole Officer J. Marron as the sole defendant. Plaintiff alleges that Marron violated his rights by failing to hold a timely parole revocation hearing.

On June 24, 2008, the Court directed that the United States Marshal effect service upon Marron. On the same date, copies of the

complaint and summons were sent to Plaintiff in order for him to complete the necessary paperwork and forward the packet to the United States Marshal for service. Plaintiff never forwarded the documents to the Marshal's service for processing or service.

This action shall be dismissed for failure to prosecute.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261;  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits.  In addition, there is no identifiable risk of prejudice to Defendants.  Finally, four months have elapsed without Plaintiff having forwarded the necessary papers for service of process.  He has failed to request an extention of time to forward the documents or demonstrate good cause for failing to

1 perform this ministerial act.

2 　　　Balancing all of these factors, dismissal of this action without
3 prejudice for failure to prosecute is warranted.

4 　　　IT IS SO ORDERED.

6 Dated: <u>November 6, 2008</u>

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Christina A. Snyder
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge